UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CABLE TNT, LLC, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-09-2213 |
| § | |
| AARON FARRELL, *et al*, § | |
| § | |
| Defendants. § | |

**OPINION & ORDER**

Pending before the Court is Plaintiff Cable TNT, LLC's ("TNT") First Amended Verified Complaint and Application for Injunctive Relief and Damages (Doc. 37), as well as Defendants Aaron Farrell ("Farrell") and Afcom Marketing Group, LLC's ("Afcom") answer (Doc. 48). Pursuant to Plaintiff TNT's unopposed motion to set a hearing on its application for injunctive relief (Doc. 11), the Court held a hearing on January 20, 2010 (Doc. 35). Upon review and consideration of Plaintiff's motion, the relevant legal authorities, and for the reasons explained below, the Court finds that Plaintiff's motion for injunctive relief (Doc. 37) should be granted in part and denied in part.

I.  Background and Relevant Facts

This is a breach of contract case removed to federal court due to diversity. TNT is a Texas-based sales and marketing company that sells cable contracts to customers on behalf of cable companies. Farrell first began working as an independent contractor for TNT in October 2006. In August 2007, Farrell was employed full time as a regional manager at TNT. Farrell left TNT in April 2009 to form his own company, Afcom, which engages in essentially the same business as TNT. TNT sues Farrell and Afcom for breach of contract, civil theft, conversion, breach of fiduciary duties, misappropriation of trade secrets and confidential information,

tortious interference, and unfair competition.

TNT alleges that while still in its employ, Farrell usurped TNT's business opportunities by setting up Afcom, negotiating with Comcast, and soliciting potential TNT customers on behalf of Afcom, in violation of his independent contract agreement, employment agreement, and common law dutues.  In the brief supporting its application for a preliminary injunction (Doc. 24 at 1–2), TNT requests that the Court:

1. Order Defendants to return to TNT all confidential information in their possession relating to TNT and its customers.

2. Enjoin Defendants from using TNT's confidential information while working for a competing business in any capacity.

3. Enjoin Defendants from using TNT's confidential information to solicit business from any TNT customer that Farrell either had contact with or obtained confidential information about during his employment with TNT.

4. Enjoin Defendants from doing business with the Seattle division of Comcast.

Defendants respond that an injunction is inappropriate because the restrictive covenants in Farrell's independent contract agreement have expired. (Doc. 31.)  In the alternative, Defendants argue that TNT cannot demonstrate the urgency and justification of a preliminary injunction. (*Id.*)

Farrell's independent contractor agreement specifies that "for a period of eighteen (18) months following the termination of this Agreement[,]" Farrell will not compete with TNT or use or disclose any confidential information.  Farrell became a TNT employee on August 1, 2007, which Afcom says terminated the contractor agreement, in turn causing the restrictive covenants to expire 18 months later, on February 1, 2009.  Alternately, the second independent

contractor agreement for one year, signed May 22, 2007, might be seen to run through May 22, 2008 despite Farrell's full-time employment in August 2007. Under that theory the agreement expired 18 months later, on November 22, 2009.

TNT says that in any event Farrell is bound by its Employee Handbook, stating that "[a]ll company property . . . must be returned upon termination" and that "performing outside work or use of company property, equipment or facilities in connection with outside work while on company time" may result in disciplinary action. Further, the Handbook provides that: "employees must never use their positions with the company . . . for private gain, to advance personal interests or to obtain favors or benefits for themselves . . . or any other individuals, corporations or business entities" and that "[e]mployees are prohibited to work for any direct competitor of the Company."

II. Preliminary Injunction Standard

A party seeking a preliminary injunction must establish the following elements: (1) a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Karaha Bodas Co. v. Negara*, 335 F.3d 357, 363 (5th Cir. 2003); *see also Khan v. Fort Bend Indep. Sch. Dist.*, 561 F. Supp. 2d 760, 763 (S.D. Tex. 2008). A preliminary injunction is an extraordinary remedy that should not be granted unless the party seeking it has "clearly carried the burden of persuasion" on all four elements. *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 195–96 (5th Cir. 2003) (quoting *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

III. Discussion

Regarding the first factor, there remain many issues of fact to be resolved before the Court is in a position to determine the likelihood that TNT will ultimately prevail on the merits in this case.  One important and as yet undetermined issue is when the independent contractor agreement between TNT and Farrell terminated.  On the second factor, the Court finds it possible that irreparable harm might accrue, if Afcom is permitted to make use of confidential or trade secret information belonging to TNT.  The third factor clearly weighs in favor of Defendant Afcom, in that fully granting TNT's injunction request would shutter Afcom, while not clearly benefiting TNT at this time.  Finally, it is not clear how the public interest would be affected by an injunction, although shutting down Afcom could potentially divest some customers of Afcom's cable marketing services.  The only aspect of TNT's motion that plausibly establishes all four elements generally required for a preliminary injunction to issue, is its request for the immediate return of any confidential or trade secret information in Afcom and/or Farrell's possession.

IV. Conclusion

Accordingly, the Court hereby ORDERS that Plaintiff Cable TNT, LLC's request for preliminary injunctive relief is GRANTED IN PART AND DENIED IN PART.  The Court further

ORDERS Defendants to return to TNT all confidential information in their possession relating to TNT and its customers and ENJOINS Defendants from using TNT's confidential information in any way, including to solicit business from any TNT customer that Farrell either had contact with or obtained confidential information about during his employment with TNT, or

while working for a competing business.

        SIGNED at Houston, Texas, this 17th day of March, 2010.

                                                  MELINDA HARMON
                                          UNITED STATES DISTRICT JUDGE